

IN THE DISTRICT COURT OF PUSHMATAHA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SCOTTY J. FULLER,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF<br>OKLAHOMA, a division of HEALTHCARE<br>SERVICE CORPORATION and<br>HEALTH CARE SERVICE CORPORATION,<br>Operating in Oklahoma as Blue Cross and<br>Blue Shield of Oklahoma,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. CJ-19-37<br>)<br>)<br>) IN THE DISTRICT COURT<br>) Pushmataha County, Okla.<br>) F I L E D<br>)<br>) SEP 19 2019<br>)<br>) TINA FREEMAN, Court Clerk<br>) By_____ Deputy |

## PETITION

COMES NOW, Scotty J. Fuller and hereby submits the following Petition:

1. The Plaintiff Scotty J. Fuller is an individual who resides in Pushmataha County, Oklahoma.

2. That the Defendant, Blue Cross Blue Shield of Oklahoma, a division of Healthcare Service Corporation, was, at all times relevant hereto, an Insurance Company incorporated and domiciled in the State of Illinois and was, at all times relevant hereto, licensed to and regularly conducted insurance business in the State of Oklahoma and specifically with regard to the party herein.

3. That the Defendant, Health Care Service Corporation is an Illinois Mutual Legal Reserve Company operating in Oklahoma as Blue Cross and Blue Shield of Oklahoma and is being named separately, out of an abundance of precaution, as to providing the correct name for the insurance carrier in this matter.

4. On or about September 21, 2017, Plaintiff Scotty J. Fuller was experiencing a severe headache which was being made worse by exposure to daylight. Mr. Fuller went to his eye doctor in Hugo, Oklahoma, who then referred Mr. Fuller to his primary care physician, Dr. Ted Rowland in Antlers, Oklahoma. Dr. Rowland referred Scotty J. Fuller to Pushmataha Hospital in Antlers, Oklahoma, so that Mr. Fuller could have a computerized axial tomography (CT) scan of his brain.

5. Plaintiff Scotty J. Fuller underwent the CT scan of his brain at Pushmataha Hospital in Antlers, Oklahoma on September 21, 2017, with said scan being completed at approximately 5:30 in the afternoon. Mr. Fuller then went home to await further

**EXHIBIT 2**

instructions from his health care providers.

6. At approximately midnight on the evening of September 21, 2017, Plaintiff Scotty J. Fuller was notified at his home near Moyers, Oklahoma, that the CT scan revealed a possible problem with his brain and that he needed to come to the hospital in Antlers immediately, which he did.

7. The report on the CT brain scan performed on Plaintiff Scotty J. Fuller on September 21, 2017, revealed that Mr. Fuller had a 4 centimeter wedge-shaped hypodensity within the right occipital lobe which was concerning for an acute ischemic infarct.

8. An acute ischemic infarct is a stroke.

9. Shortly after 1:00 a.m., on September 22, 2017, while Plaintiff Scotty J. Fuller was at Pushmataha Hospital in Antlers, Oklahoma, and because Pushmataha Hospital could not provide the care which Mr. Fuller needed, the physician at Pushmataha Hospital arranged for Mr. Fuller to be transferred to OU Medical Center in Oklahoma City, a distance of 181 miles, for further medical treatment.

10. Plaintiff Scotty J. Fuller's physician at the Pushmataha Hospital in Antlers ordered and certified that Mr. Fuller's medical condition required air ambulance transportation from Pushmataha Hospital in Antlers to OU Medical Center in Oklahoma City on September 22, 2017, because Mr. Fuller's condition was too critical to allow for longer transport time by ground, Mr. Fuller required immediate and rapid transport because he was experiencing an ischemic stroke, and Mr. Fuller likely required immediate specialty care, including a neurosurgeon, neuroradiologist, and an ICU, none of which were available at Pushmataha Hospital in Antlers, Oklahoma.

11. Pushmataha Hospital in Antlers made arrangements for the transfer of Mr. Fuller via air medical transport through Air Evac EMS Inc.

12. Mr. Fuller, in the early morning hours of September 22, 2017, was then life-flighted from Pushmataha Hospital in Antlers to OU Medical Center in Oklahoma City, Oklahoma, where he was received at approximately 4:00 a.m. that morning.

13. Mr. Fuller was treated successfully at OU Medical Center for several days, and then released back to his home in Moyers, Oklahoma.

14. At all times heretofore mentioned, including on September 22, 2017, Plaintiff Scotty J. Fuller was insured through a contract of insurance (hereinafter "insurance policy") issued by Defendants, and/or each of them, said "insurance policy" bearing Member ID Number YUI800545438.

15. The "insurance policy" was an individual health insurance policy.

16. The "insurance policy" was in full force and effect on September 22, 2017.

17. Plaintiff had made all premium payments necessary for said "insurance policy" to be in effect on September 22, 2017.

18. As a result of the life flight from Pushmataha Hospital in Antlers to OU Medical Center in Oklahoma City, Plaintiff Scotty J. Fuller incurred a medical expense in the amount of $60,667.29, which expense was covered by the aforementioned insurance policy.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

19. Paragraphs numbered 1-18 of this Petition are incorporated by reference herein.

20. Defendants, and/or each of them, were notified of the aforementioned occurrence of September 22, 2017, and a claim was made as specified under the aforementioned "insurance policy".

21. Defendants, and/or each of them, have failed to pay the aforementioned claim, despite being contractually obligated to do so.

22. As a result of Defendant's breach of contract, and/or each of them, in failing to pay the aforementioned claim, Plaintiff has suffered contractual damages in the amount of $60,667.29, and incurred attorney fees and court costs.

WHEREFORE, on his First Cause of Action, Plaintiff prays for judgment against Defendants, and/or each of them, in the amount of $60,667.29, together with attorney fees, costs, interest, and such other relief to which Plaintiff may show himself to be entitled.

### SECOND CAUSE OF ACTION – BAD FAITH

23. Paragraphs numbered 1-22 of this Petition are incorporated by reference herein.

24. Plaintiff Scotty J. Fuller was covered under the aforementioned "insurance policy" and Defendants, and/or each of them, were required to take reasonable actions in handling Mr. Fuller's claim for payment of the medical expense owed to Air Evac EMS Inc. in the amount of $60,667.29, including reasonable actions in its investigation, evaluation, processing, and payment of said claim.

25. The actions of Defendants, and/or each of them, were unreasonable under the circumstances;

26. Defendants, and/or each of them, failed to deal fairly and act in good faith toward Scotty J. Fuller in their handling of the claim for payment of the Air Evac EMS Inc. medical expense in the amount of $60,667.29, including, but not limited to, the

following acts or omissions:

a. failing and refusing payment of the medical expense and other policy benefits on behalf of Plaintiff at a time when Defendants, and/or each of them, knew that Plaintiff was entitled to those benefits;

b. failing to properly investigate Plaintiff's claim;

c. failing to properly obtain and consider information provided by Plaintiff Scotty J. Fuller and his medical providers, including the attending physician at Pushmataha Hospital in Antlers, Oklahoma, and Air Evac EMS, Inc.,

d. failing to obtain additional information both in connection with the original denial and following the receipt of additional information;

e. failing to ensure that the policy benefits were received by Mr. Fuller;

f. treating Mr. Fuller like a third-party insurance claimant;

g. failing to given Scotty J. Fuller's interests faithful consideration;

h. withholding payment of the benefits on behalf of Plaintiff, knowing that Plaintiff's claims for those benefits were valid;

i. refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or law;

j. refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

k. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

l. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

m. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

n. failing to properly evaluate any investigation that was performed, and

o. attempting to shift the burden of investigation to Plaintiff;

all in violation of the covenant of good faith and fair dealing and resulting in a financial benefit to the Defendants, and/or each of them.

27. The breach or violation of the duty of good faith and fair dealing by Defendants, and/or each of them, was the direct cause of the damages sustained by their insured, Plaintiff Scotty J. Fuller, including anxiety, frustration, mental and emotional distress, physical discomfort, damage to Plaintiff Scotty J. Fuller's credit record and to his financial condition and reputation, all in an amount in excess of $75,000.00, for which damages are claimed herein.

28. Plaintiff Scotty J. Fuller complied with all conditions precedent for payment of the aforementioned claim, including payment of insurance premiums and cooperation with Defendants', and/or each of them, investigation, evaluation, and processing of the aforementioned claim.

29. The acts of Defendants, and/or each of them, herein were oppressive, intentional, malicious, willful, wanton, and/or with utter and reckless disregard for its duty to act in good faith and deal fairly with the Plaintiff, for which the Plaintiff is entitled to, and claims, general and punitive damages in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and/or each of them, in an amount in excess of $75,000.00 for actual and punitive damages, together with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

### THIRD CAUSE OF ACTION - FRAUD, FALSE REPRESENTATION, CONCEALMENT AND DECEIT

30. Paragraphs numbered 1-29 of this Petition are incorporated by reference herein.

31. Defendants, and/or each of them, represented to Scotty J. Fuller in the "insurance policy" that they would cover and pay medically necessary air ambulance services where terrain, distance, Scotty J. Fuller's physical condition, or other circumstances required the use of air ambulance services rather than ground ambulance services.

32. Plaintiff Scotty J. Fuller reasonably relied upon this representation and purchased this insurance.

33. Defendants', and/or each of them, representation of healthcare coverage was intended to and did induce Plaintiff to purchase this insurance.

34. Defendants, and/or each of them, never intended to pay this coverage represented in the policy and had limitations and restrictions on this coverage which were concealed and withheld from Plaintiff.

35. As a direct result of Defendants', and/or each of them, fraud, false representation, concealment and deceit, Plaintiff has suffered loss of policy benefits, anxiety,

5

frustration, mental and emotional distress, physical discomfort, damage to Plaintiff Scotty J. Fuller's credit record and to his financial condition and reputation, all in an amount in excess of $75,000.00, for which damages are claimed herein.

36. Defendants', and/or each of them, actions were intentional, malicious and/or in reckless disregard of the rights of Plaintiff and others, and plaintiff is entitled to, and claims, punitive damages, all in an amount in excess of $75,000.00.

37. This Court has jurisdiction of this matter and venue is proper.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, and/or each of them in an amount in excess of $75,000.00, for actual damages and punitive damages, together with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

*[signature]*

TIM MAXCEY, OBA #13567
STIPE LAW FIRM
343 E. CARL ALBERT PKWY
P.O. BOX 1369
McALESTER, OK 74502
(918) 423-0421 Phone
(918) 423-0266 Fax
**ATTORNEY FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**