**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

SCOTTY J. FULLER, )
        Plaintiff, )
v. )   Case No. 22-cv-106-JAR
BLUE CROSS BLUE SHIELD OF )
OKLAHOMA, a division of )
HEALTHCARE SERVICE )
CORPORATION and HEALTH CARE )
SERVICE CORPORATION, Operating in )
Oklahoma as Blue Cross and Blue Shield )
of Oklahoma, )
        Defendant. )

**DEFENDANT'S MOTION TO DISMISS COUNTS II (BAD FAITH)
AND III (FRAUD, DECEIT AND MISREPRESENTATION) OF PLAINTIFF'S
COMPLAINT**

## **TABLE OF CONTENTS**

                                                                          **Page**

I.     INTRODUCTION .................................................................................................................. 1

II.    FACTUAL BACKGROUND .................................................................................................. 3

III.   STANDARD OF REVIEW ..................................................................................................... 3

IV.   ARGUMENT AND AUTHORITIES ..................................................................................... 5

        A.     Plaintiff Does Not Plead Any Facts To Establish That BCBSOK Acted Unreasonably Or Failed To Deal With Him Fairly Or In Good Faith. ................... 5

        B.     Plaintiff's Fraud Claim Fails Because Plaintiff Does Not Plead Facts To Support That Claim And Because It Is Based On The Same Facts As His Breach Of Contract Claim. ...................................................................................... 10

              1.     Plaintiff Has Failed To Allege Any Facts To Support A Claim For Fraud. ................................................................................................................ 10

              2.     Plaintiff's Fraud Claim Is Impermissibly Based On The Same Facts As His Breach Of Contract Claim. ........................................................... 11

V.     CONCLUSION ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.B. v. Health Care Serv. Corp.*,
　No. CIV-19-968-D, 2020 WL 4041120 (W.D. Okla. July 17, 2020) ........................................ 6

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................. 3, 4

*Badillo v. Mid Century Ins. Co.*,
　121 P.3d 1080 (Okla. 2005) ..................................................................................................... 5

*Bailey v. Farmers Ins. Co.*,
　137 P.3d 1260 (Okla. Ct. Civ. App. 2006) ............................................................................... 5

*Barrett v. Tallon*,
　30 F.3d 1296 (10th Cir. 1994) ................................................................................................ 10

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................................. 3, 4

*Bumpas v. HOC Indus.*,
　No. CIV-10-486-RAW, 2011 WL 3861651 (E.D. Okla. Sept. 1, 2011) ................................. 10

*Ceja v. Myers Int'l Midways, Inc.*,
　No. 16-CV-0001-CVE-FHM, 2016 WL 6459802 (N.D. Okla. Oct. 31, 2016) ........................ 3

*Clothier v. Health Care Serv. Corp.*,
　No. CIV-21-884-R, 2021 WL 4992753 (W.D. Okla. Oct. 27, 2021) ........................... 6, 7, 8, 9

*Frey v. Companion Life Ins. Co.*,
　No. CIV-16-911, 2016 WL 6310788 (W.D. Okla. Oct. 27, 2016) ......................................... 11

*Harris v. Progressive Direct Ins. Co.*,
　740 F. App'x 900 (10th Cir. 2018) ........................................................................................... 5

*Key v. Exxon Mobil Corp.*,
　508 F. Supp. 3d 1072 (E.D. Okla. 2020) .......................................................................... 11, 12

*Koch v. Koch Industries, Inc.*,
　203 F.3d 1202 (10th Cir. 2000) .............................................................................................. 10

*Lawrence Nat'l Bank v Edmonds (In re Edmonds)*,
　924 F.2d 176 (10th Cir. 1991) ................................................................................................ 10

*McKnight v. Marathon Oil Co.*,
  No. CIV-17-00264-R 2017 WL 1628981 (W.D. Okla. May 1, 2017) .....................11

*Perington Wholesale, Inc. v. Burger King Corp.*,
  631 F.2d 1369 (10th Cir. 1979) ................................................................................4

*Peterson v. Xpo Logistics*,
  812 F. App'x 754 (10th Cir. 2020) .........................................................................12

*Progressive N. Ins. Co. v. Webb*,
  No. 11-CV-460-JHP, 2013 WL 663576 (E.D. Okla. Feb. 22, 2013) ....................6, 9

*Robbins Motorsports, L.L.C. v. Nat'l Fire & Marine Ins. Co.*,
  No. CIV-10-245-JHP, 2011 WL 2174911 (E.D. Okla. June 3, 2011) ......................5

*Robbins v. Okla. Dep't of Human Servs.*,
  519 F.3d 1242 (10th Cir. 2008) ................................................................................4

*Romel Abu-Fakher v. Bode*,
  175 F. App'x 179 (10th Cir. 2006) .........................................................................11

*Scheffler v. American Republic Insurance Co.*,
  No. 11-CV-0760-CVE-TLW, 2012 WL 602187 (N.D. Okla. Feb. 23, 2012)....................6, 7, 9

*Schwartz v. Celestial Seasonings, Inc.*,
  124 F.3d 1246 (10th Cir. 1997) ..............................................................................10

*Silver v. Slusher*,
  770 P.2d 878 (Okla. 1988)......................................................................................10

*Toppins v. Minn. Life Ins. Co.*,
  460 F. App'x 768 (10th Cir. 2012) ...........................................................................5

**Statutes**

28 U.S.C. §§ 1332, 1441, and 1446................................................................................3

**Rules**

Fed. R. Civ. P. 9(b) ..............................................................................................2, 10, 11

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 4, 12

Defendant Blue Cross and Blue Shield of Oklahoma ("BCBSOK"), an unincorporated division of Health Care Service Corporation, moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts II (bad faith) and III (fraud, deceit and misrepresentation) of Plaintiff's Complaint ("Compl.") (attached hereto as Exhibit 1). In support of this Motion, Defendant states as follows:

## I.   INTRODUCTION

Plaintiff Scotty J. Fuller ("Plaintiff") alleges that in 2017 he was insured under a health insurance policy issued by BCBSOK (the "Policy"). Beyond this, his only factual allegation against BCBSOK is that he submitted a claim for an air ambulance transport to BCBSOK and that BCBSOK failed to pay the claim. Compl. ¶ 20, 21. Based upon this single allegation of a denied claim, Plaintiff asserts causes of action for breach of contract (Count I), bad faith (Count II), and fraud, deceit and misrepresentation (Count III) (the "fraud claim").

Plaintiff's bad faith and fraud claims fail entirely because Plaintiff has failed to plead a single fact to suggest – let alone establish – that BCBSOK acted wrongfully. Indeed, it is well established that the mere denial of a claim – which is all that Plaintiff alleges here – cannot be the basis for either a bad faith or a fraud claim.

In order to establish that BCBSOK acted in bad faith, Plaintiff must plead, *inter alia*, facts to establish that BCBSOK acted unreasonably under the circumstances and failed to deal fairly and act in good faith toward the insured, which are the hallmarks of a bad faith claim. Here, Plaintiff pleads no facts regarding BCBSOK's actions beyond the fact that BCBSOK denied the claim. Instead, Plaintiff offers a laundry list of conclusory

allegations accusing BCBSOK of, *inter alia*, failing to pay the claim "at a time when [BCBSOK] knew that Plaintiff was entitled" to Policy benefits, "knowingly misconstruing and misapplying provisions" and "applying restrictions not contained" in the Policy. Compl. ¶ 26.  But other courts, including both the Western and Northern Districts of Oklahoma, have held that almost identical laundry lists of ways that an insurer *could* act in bad faith, without any facts to establish that the insurer *did* act in bad faith, are not sufficient to support a bad faith claim.

Similarly, Plaintiff fails to plead any facts to support his fraud claim.  As with his bad faith claim, Plaintiff relies on generic allegations, failing to offer any factual support for his claim, much less specific facts that would meet the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b).  At most, Plaintiff asserts that the Policy provides that BCBSOK would cover air ambulance services in certain circumstances and then makes the conclusory statements that BCBSOK "never intended" to pay Plaintiff's claim and "concealed" policy limitations from him.  However, Plaintiff offers no facts to support these allegations, nor does he offer any facts to establish that BCBSOK made a misrepresentation or engaged in any other fraudulent conduct.  Because it is not supported by any facts at all, Plaintiff's fraud claim fails as a matter of law.

Plaintiff's fraud claim also fails for the independent reason that it is based on the exact same facts as his contract claim:  he alleges that he submitted a claim which BCBSOK did not pay.  The law is clear that where the facts underlying an alleged fraud claim are the same as the facts which underlie a contract claim, the fraud claim is insufficient as a matter of law.  For these reasons, Plaintiff's fraud claim must be dismissed.

## II.     FACTUAL BACKGROUND

Plaintiff alleges that on September 21, 2017, he went to Pushmataha Hospital in Antlers, Oklahoma, where he was diagnosed as having had a stroke. Compl. ¶¶ 4–8.[1] After receiving this diagnosis, Plaintiff was transferred via air ambulance transportation to OU Medical Center in Oklahoma City, Oklahoma.  Compl. ¶ 12.  Plaintiff was successfully treated at OU Medical Center and was released several days later.  Compl. ¶ 13.

With respect to BCBSOK, Plaintiff alleges that a claim for coverage for the air ambulance transportation was submitted to BCBSOK but that BCBSOK failed to pay the claim. Compl. ¶¶ 20, 21. Beyond this bare-boned allegation that the claim was denied, Plaintiff does not allege any facts regarding BCBSOK's conduct.

## III.    STANDARD OF REVIEW

"In a removed case, federal pleading requirements are applied to determine if a claim has been adequately alleged, even if state law claims would have been adequately alleged under pleading requirements applicable in state courts."[2]  *Ceja v. Myers Int'l Midways, Inc.*, No. 16-CV-0001-CVE-FHM, 2016 WL 6459802, at *4 (N.D. Okla. Oct. 31, 2016).  A court should grant a motion to dismiss when a complaint contains only a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive a motion

---

[1] BCBSOK accepts the allegations in Plaintiff's Petition as true only for the purposes of this Motion to Dismiss.
[2] Plaintiff filed suit in the District Court of Pushmataha County and BCBSOK timely removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as the parties are diverse and Plaintiff is seeking more than $75,000 in damages.

to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Mere conclusory allegations, however, are not entitled to the assumption of truth. *Id.* To the contrary, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Plausibility "refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id*. (quotations and citation omitted).

This requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. That is because the "essential function of a complaint under modern pleading is twofold to give opposing parties fair notice of the basis of the claim against them so they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979).

## IV.     ARGUMENT AND AUTHORITIES

### A.  Plaintiff Does Not Plead Any Facts To Establish That BCBSOK Acted Unreasonably Or Failed To Deal With Him Fairly Or In Good Faith.

To establish a bad faith claim under Oklahoma law, a plaintiff must prove more than a mere breach of contract: he must also prove that defendant acted unreasonably and in bad faith in handling his claim. *Robbins Motorsports, L.L.C. v. Nat'l Fire & Marine Ins. Co.*, No. CIV-10-245-JHP, 2011 WL 2174911 , at *3 (E.D. Okla. June 3, 2011). To make out a *prima facie* case against an insurance company for bad faith, a plaintiff must establish: (1) the insured was entitled to coverage under the insurance policy; (2) the insurer had no reasonable basis for delaying or withholding payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury. *Toppins v. Minn. Life Ins. Co.*, 460 F. App'x 768, 771 (10th Cir. 2012) (applying Oklahoma law). Although the insured is required to prove all four elements, "the reasonableness of the insurer's investigation is often the main issue in a bad faith case." *Harris v. Progressive Direct Ins. Co.*, 740 F. App'x 900, 908 (10th Cir. 2018). The relevant inquiry in most bad faith cases is "whether the insurer had a good faith belief, at the time its performance was requested, that it had a *justifiable* reason for withholding payment under the policy." *Bailey v. Farmers Ins. Co.*, 137 P.3d 1260, 1264 (Okla. Ct. Civ. App. 2006) (citations omitted). Whether an insurer's actions rise to the level of "unreasonable, bad faith conduct" is the "essence" of a bad faith claim. *See also Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005).

Vague, conclusory allegations about an insurer's alleged wrongful conduct without supporting facts are insufficient to establish a bad faith claim. *Progressive N. Ins. Co. v. Webb*, No. 11-CV-460-JHP, 2013 WL 663576, at *2 (E.D. Okla. Feb. 22, 2013). Courts have consistently held that pleading ways in which an insurer *could* act in bad faith, without supporting facts, is insufficient to support a bad faith claim.

For example, in *Clothier v. Health Care Serv. Corp.*, No. CIV-21-884-R, 2021 WL 4992753, at *2 (W.D. Okla. Oct. 27, 2021), the plaintiff asserted a laundry list of ways that BCBSOK could have acted in bad faith such as, *inter alia.*, failing to pay policy benefits knowing they were due, failing to properly investigate Plaintiff's claims, failing to obtain or consider additional information, knowingly misconstruing policy provisions, etc. After reviewing this list, the Court held that the complaint failed to cite "to any specific facts that support a finding of bad faith . . . [r]ather, the paragraphs contain mere formulaic recitals of various manners in with an insurer may commit bad faith, without any specific factual allegations arising from this particular relationship." *Id.* As such, the court dismissed the bad faith claim for lack of factual support. *Id. See also A.B. v. Health Care Serv. Corp.*, No. CIV-19-968-D, 2020 WL 4041120, at *4–6 (W.D. Okla. July 17, 2020) (dismissing nearly identical allegations of bad faith on the basis that they were conclusory and insufficient to support a bad faith claim).

Similarly, in *Scheffler v. American Republic Insurance Co.*, No. 11-CV-0760-CVE-TLW, 2012 WL 602187 (N.D. Okla. Feb. 23, 2012), the court found that the "[p]laintiff's complaint contain[ed] only general assertions of bad faith, without any details of events leading up to the filing of the complaint." *Id.* at *3. There, the plaintiff alleged that the

defendant failed to promptly investigate the plaintiff's claim, intentionally misread or misconstrued the insurance policy, and imposed burdensome documentation demands not required by the policy. *Id.* The court held that "[e]ach of these allegations is conclusory and is not entitled to the assumption of truth" because the "[p]laintiff [did] not set forth a single factual allegation in support of these conclusory statements." *Id.*

Just like the plaintiffs in *Clothier*, *AB*, and *Scheffler*, here Plaintiff fails to set forth a single factual allegation in support of any of his conclusory allegations that BCBSOK acted in bad faith. Compl. ¶¶ 23–29. Instead, Plaintiff asserts a list of conclusory allegations of how BCBSOK *could* have acted in bad faith without alleging any facts to show that BCBSOK actually *did* act in bad faith. Specifically, Plaintiff accuses BCBSOK of:

- failing and refusing payment of the medical expense and other policy benefits on behalf of Plaintiff at a time when Defendants, and/or each of them, knew that Plaintiff was entitled to those benefits;

- failing to properly investigate Plaintiff's claim;

- failing to properly obtain and consider information provided by Plaintiff Scotty J. Fuller and his medical providers, including the attending physician at Pushmataha Hospital in Antlers, Oklahoma, and Air Evac EMS, Inc.;[3]

- failing to obtain additional information both in connection with the original denial and following the receipt of additional information;

- failing to ensure that the policy benefits were received by Mr. Fuller;

---

[3] Although Plaintiff does provide facts regarding who his medical providers were in this allegation, he does not indicate what information allegedly BCBSOK did not obtain, what information was provided to BCBSOK that BCBSOK allegedly did not consider, nor does he allege when any information was provided to BCBSOK, who it was provided to, or what evidence he has that BCBSOK did not obtain or consider certain information.

7

- treating Mr. Fuller like a third-party insurance claimant;

- failing to give Scotty J. Fuller's interests faithful consideration;

- withholding payment of the benefits on behalf of Plaintiff, knowing that Plaintiff's claims for those benefits were valid;

- refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or law;

- refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

- refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

- failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

- not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

- failing to properly evaluate any investigation that was performed; and

- attempting to shift the burden of investigation to Plaintiff.

Compl. ¶ 26 (a) – (o).[4]

---

[4] Interestingly, this list is almost identical to the list asserted by the plaintiff in *Clothier*, even using much of the exact same verbiage and language. Indeed, both plaintiffs accuse BCBSOK of "failing and refusing payment . . . and other policy benefits," "failing to properly investigate Plaintiff's claims," failing "to obtain additional information both in connection with the original denial and following the receipt of additional information," "refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy," and "failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims," *Compare* Compl., Exhibit 1, at ¶ 26 (a) – (o), with complaint in *Clothier* (attached hereto as Exhibit 2) at ¶ 71 (a) – (o).

8

Plaintiff, however, does not allege any facts to support these statements. For example, Plaintiff does not explain why he contends that BCBSOK knew that policy benefits were due but refused to pay them, how BCBSOK failed to properly investigate his claim, what information he contends that BCBSOK should have reviewed but did not, what policy provisions or law that BCBSOK allegedly failed to honor, what restrictions BCBSOK allegedly applied that were not contained in the Policy, etc. Plaintiff's boilerplate list of conclusory allegations of ways BCBSOK could have acted in bad faith, without any supporting facts, is insufficient to state a claim for bad faith. *Clothier*, 2021 WL 4992753, at *2.

As noted above, the only facts that Plaintiff alleges against BCBSOK are that he submitted a claim for an air ambulance transport to BCBSOK but that BCBSOK did not pay that claim. Compl. ¶¶ 20–21. However, the failure to pay a claim, without more, cannot amount to bad faith conduct under Oklahoma law. *Scheffler*, 2012 WL 602187, at *3 (dismissing bad faith claim because the "[p]laintiff's bad faith claim [was] based solely on the fact that she was not paid the insurance proceeds under the policy"). Because it is not supported by any facts, Plaintiff's bad-faith claim must be dismissed. *Progressive N. Ins.*, 2013 WL 663576, at *2 (when "allegations [for a bad faith claim] are conclusory in nature and are unsupported by factual allegations," a motion to dismiss must be granted).

**B.     Plaintiff's Fraud Claim Fails Because Plaintiff Does Not Plead Facts To Support That Claim And Because It Is Based On The Same Facts As His Breach Of Contract Claim.**

**1.     Plaintiff Has Failed To Allege Any Facts To Support A Claim For Fraud.**

To establish a claim for fraud, a plaintiff must provide proof of: (1) a material misrepresentation, (2) that was knowingly or recklessly made, (3) with intent that it be relied upon, and (4) actual reliance upon the statement by another to his or her detriment. *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994) (*citing Silver v. Slusher*, 770 P.2d 878, 881 n.8 (Okla. 1988)). In addition, Federal Rule of Civil Procedure 9(b) requires fraud to be pleaded with particularity. "[A] complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (internal quotation marks and citation omitted) (quoting *Lawrence Nat'l Bank v Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)). *See also, Bumpas v. HOC Indus.*, No. CIV-10-486-RAW, 2011 WL 3861651, at *3 (E.D. Okla. Sept. 1, 2011) (citing *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

Here, Plaintiff has failed to provide any facts showing that BCBSOK intentionally or recklessly made a false material representation, or that BCBSOK even made a misrepresentation at all. *See generally* Compl. ¶¶ 30–37. At most, Plaintiff alleges that a Policy provision (which Plaintiff does not attach to the complaint or quote directly) provides that BCBSOK will pay for air ambulance services under certain circumstances. He then attempts to transform that Policy provision into a "misrepresentation" by alleging,

without any factual support, that BCBSOK "never intended" to pay for air ambulance services and "concealed" certain Policy limitations from him. Compl. ¶¶ 31, 34. But Plaintiff alleges no facts to support these highly conclusory allegations, much less does he plead facts of the alleged fraud with particularity as is required by Fed. R. Civ. P. 9(b).

Accordingly, Plaintiff's fraud claim must be dismissed for failure to plead facts to establish the elements of a fraud claim. *Romel Abu-Fakher v. Bode*, 175 F. App'x 179, 181 (10th Cir. 2006) ("We need not, however, accept as true conclusory allegations unsupported by factual allegations."); *Frey v. Companion Life Ins. Co.*, No. CIV-16-911, 2016 WL 6310788, at *1–2 (W.D. Okla. Oct. 27, 2016) (dismissing bad faith and fraud claims where the plaintiff asserted only conclusory allegations that mirrored the elements of fraud).

### 2. Plaintiff's Fraud Claim Is Impermissibly Based On The Same Facts As His Breach Of Contract Claim.

A claim for fraud also must be based on facts which are distinct from those supporting a claim for breach of contract. *Key v. Exxon Mobil Corp.*, 508 F. Supp. 3d 1072, 1086 (E.D. Okla. 2020); *McKnight v. Marathon Oil Co.*, No. CIV-17-00264-R 2017 WL 1628981, at *2 (W.D. Okla. May 1, 2017). In *Key*, the Plaintiff asserted claims for both fraud and breach of contract, but the "breach of contract and fraud claims [were] based on the same facts." *Key*, 508 F. Supp. 3d at 1086. The court dismissed the fraud claim, holding that "[b]ecause [plaintiff's] allegation for fraud concerns the identical conduct [as the breach of contract claim], it will not suffice under Oklahoma law." *Id*. at 1087. The

court further held that "a plaintiff must incur actual damages stemming from the tort that are distinct from damages stemming from the breach of contract." *Id.*

Here, as in *Key*, Plaintiff's fraud claim fails because his fraud claim is based on the exact same conduct as his breach of contract claim. As noted above, the only *factual* allegation against BCBSOK is that Plaintiff submitted a claim for air ambulance transport to BCBSOK and BCBSOK denied that claim. Compl. ¶¶ 20–21. These are the very allegations that support Plaintiff's breach of contract claim. *Id.* Plaintiff does not provide any independent factual allegations in support of his fraud claim that are distinct from those underlying the breach of contract claim. At most, Plaintiff provides a conclusory allegation that BCBSOK "never intended" to pay Plaintiff's claim. Compl. ¶¶ 31, 34. But without any factual support for this statement, the court need not accept this allegation true. *Peterson v. Xpo Logistics*, 812 F. App'x 754, 756 (10th Cir. 2020) ("In reviewing a motion to dismiss, we must accept all well-pleaded facts, as opposed to conclusory allegations."). Because Plaintiff's fraud claim is not distinct from his breach of contract claim, it must be dismissed. *Key*, 508 F. Supp. 3d at 1086.

### V.     CONCLUSION

For the reasons stated herein, Defendant BCBSOK respectfully requests that this Court dismiss Counts II and III of Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated:  April 14, 2022

Respectfully submitted,

/s/ Dianna C. Wyrick
Dianna C. Wyrick

12

**REED SMITH LLP**
225 Fifth Avenue
Pittsburg, PA 15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063
dwyrick@reedsmith.com

Martin J. Bishop
Robert C. Deegan (pro hac vice forthcoming)
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400
mbishop@ReedSmith.com
rdeegan@ReedSmith.com

–AND–

Paige A. Masters, OBA # 31142
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-7700
Facsimile:  (405) 239-6651
paige.masters@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT HEALTH CARE SERVICE CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2022, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrant:

**Tim Maxcey**      tmaxcey@stipelaw.com

*/s/ Dianna C. Wyrick*