**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SCOTTY J. FULLER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-22-106-RAW |
| BLUE CROSS BLUE SHIELD OF | ) | |
| OKLAHOMA, a division of | ) | |
| HEALTHCARE SERVICE | ) | |
| CORPORATION and HEALTH CARE | ) | |
| SERVICE CORPORATION, Operating in | ) | |
| Oklahoma as Blue Cross and Blue Shield | ) | |
| of Oklahoma, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS
II (BAD FAITH) AND III (FRAUD, DECEIT AND MISREPRESENTATION) OF
PLAINTIFF'S COMPLAINT</u>**

## I.     INTRODUCTION

As BCBSOK established in its Motion to Dismiss Counts II (Bad Faith) and III (Fraud, Deceit and Misrepresentation) of Plaintiff's Complaint (the "Motion") (EFC #7), Plaintiff Scotty J. Fuller ("Plaintiff") has failed to plead any facts to substantiate his conclusory allegations that BCBSOK might plausibly be liable for bad faith or fraud.  In his Response to the Motion (the "Response") (ECF #11), Plaintiff fails to support Counts II and III with case law or specific factual allegations in his Complaint.  Instead, Plaintiff relies entirely on his non-factual, conclusory allegations (*e.g.*, that BCBSOK's actions were "unreasonable under the circumstances," that BCBSOK "failed to deal fairly and act in good faith" toward Plaintiff, and that BCBSOK failed to do an investigation which was "reasonable under the circumstances").  Response at 5–6.  Plaintiff does not provide any facts to support these conclusory allegations and, without *facts* to support the claim that BCBSOK did something fraudulent or in bad faith, the law is clear that Plaintiff's allegations are insufficient to support those claims.  Moreover, because Plaintiff has no facts to support these claims, as he cannot because BCBSOK did not act fraudulently or in bad faith, amendment would be futile.  Accordingly, Counts II and III must be dismissed.

## II.     ARGUMENT AND AUTHORITIES

### A.     Plaintiff Is Required To Plead Specific Facts To Support Both His Bad Faith Claim And His Fraud Claim And Avoid Dismissal Of Those Claims.

As BCBSOK pointed out in its Motion, Plaintiff does not plead any specific facts to show that BCBSOK acted fraudulently or in bad faith.  Motion at 11–15.  In fact, Plaintiff does not plead any specific facts regarding BCBSOK's conduct at all other than that he

submitted a claim to BCBSOK for an air ambulance transport and that BCBSOK denied the claim. *See* Motion at 9, *citing* Compl. at ¶¶ 20–21. Perhaps in recognition that he did not sufficiently plead facts required to support these claims, Plaintiff argues that he is not required to plead "specific facts" under Fed. R. Civ. P. 8(a). Response at 3, 9. But the Supreme Court has expressly held that Rule 8 "call[s] for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Indeed, despite arguing that he does not need to plead specific facts, Plaintiff himself admits that under Rule 8, he must give BCBSOK fair notice of the claim against it and "***the grounds upon which it rests.***" Response at 9 (emphasis added). Under the *Twombly* standard, the Court only accepts as true "all ***well-pleaded factual allegations*** in the complaint." *Dominguez v. Crow*, No. CIV-20-317-RAW, 2021 WL 4429933, at *1 (E.D. Okla. Sept. 27, 2021) (emphasis added); *see also Burnett v. Mortg. Elec. Registration Sys.*, 706 F.3d 1231, 1235 (10th Cir. 2013) ("mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim") (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)) (internal quotations omitted). As is established in the Motion, and further addressed below, Plaintiff has failed to plead factual matter sufficient to satisfy the *Twombly* standard and therefore his bad faith and fraud claims must be dismissed.

B.     **The Cases Cited By Plaintiff Do Not Support His Argument That His List Of *Potential* Ways An Insurer Could Commit Bad Faith Rises To The Level Of Specific Factual Allegations Sufficient To Support His Bad Faith Claim.**

In his Response, Plaintiff does not, and cannot, identify any specific facts purportedly demonstrating that BCBSOK acted in bad faith.[1]  Instead, Plaintiff argues that Paragraph 26 of his Complaint, which provides a list of 15 ways in which an insurer *could* commit bad faith, is sufficient to establish that BCBSOK actually engaged in this type of conduct.  For example, Plaintiff points to his allegations that BCBSOK denied insurance benefits at a time that it knew that Plaintiff's claims were valid, that BCBSOK "treated him like a third party insurance claimant," that BCBSOK refused to honor his claims in contravention of the "express provisions of the policy and/or law," and that BCBSOK knowingly misconstrued and misapplied provisions of the Insurance Policy.  *See* Response at 5–9 (repeating allegations of Paragraph 26 several times).  But Plaintiff does not allege any underlying *facts* to support these claims:  he does not allege how it is that BCBSOK allegedly "knew" that he was entitled to benefits, he does not identify any specific policy provision or law that he contends BCBSOK violated or how, and he does not explain how BCBSOK allegedly misconstrued or misapplied any policy provisions.   Without underlying factual support, these allegations are insufficient to support a claim for bad faith.  *Vickers v. Progressive N. Ins. Co.*. 353 F. Supp. 3d 1153, 1165 (N.D. Okla. 2018)

---

[1] Tellingly, in the Introduction to his Response Plaintiff cites to multiple factual allegations regarding his illness and treatment.  Response at 1–2.  Although the circumstances of Plaintiff's illness may be unfortunate, those are not facts that can be used to establish that BCBSOK acted fraudulently or in bad faith.

(allegation that insurer failed to conduct a reasonably appropriate investigation under the circumstances was not enough to support a bad faith claim because the plaintiff did not plead "any specific facts indicating that Defendant's investigation was not reasonable.").

In the Motion, BCBSOK cited to several cases which have held that lists of conclusory allegations nearly identical to those in Paragraph 26 of Plaintiff's Complaint are insufficient to support a claim for bad faith. *See* Motion at 10 (citing *Clothier v. Health Care Serv. Corp.*, No. CIV-21-884-R, 2021 WL 4992753, at *2 (W.D. Okla. Oct. 27, 2021)[2]; *A.B. v. Health Care Serv. Corp.*, No. CIV-19-968-D, 2020 WL 4041120, at *4–6 (W.D. Okla. July 17, 2020); *Scheffler v. American Republic Insurance Co.*, No. 11-CV-0760-CVE-TLW, 2012 WL 602187, at *3 (N.D. Okla. Feb. 23, 2012)).  Plaintiff makes no effort to distinguish these cases, but instead attempts to discredit this legal authority by pointing out that these cases are "unpublished decisions from other districts."  Response at 8.  The fact that these cases are unpublished does not negate their import.  Rather, Tenth Circuit Rule 32.1(A) permits "citation to unpublished decisions for their persuasive value." *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016); *see also United States v. Casados*, 26 F.4th 845, 854 n.8 (10th Cir. 2022) (holding that a Tenth Circuit case was persuasive for the issues at hand even though the case was unpublished).  This same rule is followed in district courts within the Tenth Circuit. *Eldridge v. Bear*, No. CIV-16-240-RAW-KEW, 2019 WL 4179517, at *12 n.4 (E.D. Okla. Sep. 3, 2019) (holding that district

---

[2] Recently, the court in *Clothier* rejected the plaintiff's motion to reconsider the court's order dismissing the plaintiff's bad faith and fraud claims against HCSC. *Clothier*, 2021 WL 4992753, Pl.'s Mot. Reconsider, ECF No. 23.

courts can cite to unpublished Tenth Circuit Court of Appeal and district court opinions for their persuasiveness); *Gray v. Acadia Healthcare Co.*, No. 19-cv-00338-JFH, 2020 WL 5996418, at *2 n.1 (E.D. Okla. Oct. 9, 2020) (same). As the list in Paragraph 26 of Plaintiff's Complaint is virtually identical to the list of allegations in *Clothier*, that case, along with *A.B.* and *Sheffler*, provides significant persuasive authority for consideration by this Court.

Plaintiff relies on a single case, *Terry v. Health Care Service Corporation*, 344 F. Supp. 3d 1314 (W. D. Okla. 2018), for the proposition that an allegation that an insurer "unjustifiably withheld payment" is sufficient to state a claim for bad faith. Response at 7. However, in *Terry,* unlike here, the plaintiffs alleged numerous, well-pleaded facts to support their otherwise conclusory allegation that the payment was unjustifiably withheld. For example, the court in *Terry* noted that the plaintiffs alleged "various representations . . . made to [p]laintiffs regarding the contents of their PPO insurance contracts," "specifically allege[d] portions of the PPO insurance contract as being non-compliant with the Affordable Care Act," and alleged that the defendant "failed to apply RMH's 2017 participating provider agreement to Plaintiffs' claim." *Id.* at 1322–23. These types of factual allegations, including the identification of specific representations, specific portions of the policy at issue, and specific medical policies allegedly not adhered to by the defendant, are wholly absent from Plaintiff's Complaint. *Compare Terry*, 344 F. Supp. 3d at 1322–23, *with* Compl. ¶ 26 (a) – (o).

Plaintiff also argues that his recitation of the elements of a bad faith claim are sufficient to state a claim under *Badillo v. Mid. Century Insurance Co.*, 121 P.3d 1080

(Okla. 2005).  Response at 4.   Although *Badillo* does outline the elements of a bad faith claim against an insurer, any likeness between that case and this one ends there.   In upholding the bad faith claim, the *Badillo* court points to specific facts pled by the plaintiff, such as references to the specific action of defendant ignoring applicable laws in settlement offers, which occurred during an April 17, 2000, call in which the insurers were required to, but did not, approach the meeting as if the $10,000.00 policy limit did not exist.  *Id.* at 1093–94.  It is these kinds of specific fact allegations that Plaintiff fails to plead in support of his bad faith claim here.

As Plaintiff does not plead any specific facts to support his claim that BCBSOK acted in bad faith, nor does he allege any specific facts to support any of the allegations of Paragraph 26 of his Complaint, Count II of Plaintiff's Complaint (Bad Faith) must be dismissed.

### C.   Plaintiff's Fraud Claim Fails Because He (1) Does Not Satisfy Rule 9(b)'s Particularity Requirement And (2) Bases His Fraud Claim On The Identical Conduct Alleged In His Breach Of Contract Claim.

It is undisputed that that "Fed. R. Civ. P. 9(b) requires a plaintiff to plead . . . fraud with particularity, the plaintiffs must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"  *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016) (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).  When a plaintiff fails to plead any of the required components under the heightened pleading standard of particularity, the fraud claim fails.  *Heavy Petroleum Partners, LLC v. Atkins*, 457 F. App'x 735, 743 (10th Cir. 2012) (dismissing fraud claim because the claim did not "indicate the

time or place of the alleged misstatements"). A "plaintiff must offer specific factual allegations to support each claim." *Burnett*, 706 F.3d at 1235. Indeed, Plaintiff himself recognizes that Rule 9(b) requires him to provide BCBSOK with the specific factual grounds upon which a fraud claim is based. Response at 10.

In Plaintiff's Response, he argues that the time, place, and contents of the false representations are identified in "the insurance policy itself," as pled in Paragraph 31 of Complaint. Response at 10. However, in Paragraph 31, Plaintiff only alleges that certain representations of coverage are made in the Insurance Policy – a wholly unremarkable statement, and one that is completely devoid of any allegation of a time, place, or content, of a false misrepresentation. *See* Compl. ¶ 31. Moreover, Plaintiff simply paraphrases an unidentified coverage provision; he does not cite to or quote any specific provision of the Insurance Policy, he does not attach the Policy, nor does he even allege what portion of the Policy he contends contained a misrepresentation. At most, Plaintiff pleads that the Insurance Policy provided coverage for the claim at issue, but that BCBSOK failed to pay that claim. Without any allegations of the particulars of alleged fraudulent conduct, Plaintiff's fraud claim fails to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b).

Moreover, Plaintiff's fraud claim fails because the facts that it is based on are identical to the facts supporting Plaintiff's breach of contract claim. Plaintiff himself recognizes that to proceed on a claim for both fraud and breach of contract, the facts supporting each claim must be distinct. Response at 11 (citing *Key v. Exxon Mobil Corp.*, 508 F. Supp. 3d 1072, 1086 (E. D. Okla. 2020)). But, Plaintiff fails to plead any distinct

facts in support of his fraud claim. Instead, without any citation to the allegations of the Complaint, Plaintiff simply posits that "[t]he fraud claim relies upon a false promise of coverage and Defendants' intent in making this promise." But there are no *facts* to support a "false promise" or that BCBSOK had an "intent" to make a false promise. Instead, the only facts pled are the same facts that support the breach of contract claim: Plaintiff was insured under a BCBSOK Insurance Policy, a claim was made under that Policy, and BCBSOK failed to pay that claim. Complaint ¶¶ 14, 20, 21. Accordingly, Plaintiff's fraud claim (Count III) must be dismissed for the additional reason that it is based on the identical facts that support his breach of contract claim. *See, e.g., Horton v. Bank of Am., N.A.*, 189 F. Supp. 3d 1286, 1290 (N.D. Okla. 2016) ("Oklahoma law does not permit the simultaneous pursuit of fraud and breach of contract claims where the two claims are not sufficiently distinct.").

## III.    LOCAL RULE 7.1(o)

Plaintiff asks this Court to summarily deny BCBSOK's Motion based on non-compliance with this Court's Local Civil Rule 7.1(o), which requires motions to dismiss to "include a section explaining why an amendment to the complaint or petition would be futile." *Patel v. Patel*, No. CIV-16-415-SPS, 2018 WL 3341184, at *3 (E.D. Okla. July 6, 2018). However, there is no authority for the Court to deny a motion to dismiss based on failure to include this statement. Instead, where such an oversight has occurred, the Eastern District of Oklahoma has accepted a "subsequently filed [] supplement in which [the defendants] now assert that amendment would be futile." *Id.*

BCBSOK respectfully supplements its Motion to state that upon information and belief, amendment would be futile. In his Complaint, Plaintiff did not allege any facts to support his bad faith or fraud claims, and in his Response, he failed to point to any specific facts that he could plead if leave to amend were granted. Moreover, Plaintiff will not be able to do so because BCBSOK did not act fraudulently or in bad faith. Accordingly, BCBSOK believes that amendment would be futile.

## IV.   CONCLUSION

For the reasons stated in its Motion to Dismiss and herein, BCBSOK respectfully requests that the Court grant BCBSOK's Motion and dismiss Counts II (Bad Faith) and III (Fraud, Deceit and Misrepresentation) for failure to state a claim for which relief may be granted.

Dated:  May 16, 2022

Respectfully submitted,

/s/ Paige Masters
Paige A. Masters, OBA # 31142
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-7700
Facsimile:  (405) 239-6651
paige.masters@crowedunlevy.com

–AND–

Martin J. Bishop
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone:  (312) 207-1000
Facsimile:  (312) 207-6400
mbishop@ReedSmith.com

9

Dianna C. Wyrick
**REED SMITH LLP**
225 Fifth Avenue
Pittsburg, PA 15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063
dwyrick@reedsmith.com

**ATTORNEYS FOR DEFENDANT BLUE
CROSS BLUE SHIELD OF
OKLAHOMA**

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2022, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrant:

Tim Maxcey          tmaxcey@stipelaw.com

*/s/ Paige Masters*
Paige Masters