**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

SCOTTY J. FULLER,                         )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )
                                          )        Case No. 22-CV-106-RAW
BLUE CROSS BLUE SHIELD OF                 )
OKLAHOMA, a division of                   )
HEALTHCARE SERVICE                        )
CORPORATION and HEALTH CARE               )
SERVICE CORPORATION, Operating in         )
Oklahoma as Blue Cross and Blue Shield    )
of Oklahoma,                              )
                                          )
          Defendant.                      )

**DEFENDANT'S MOTION TO DISMISS COUNTS II (BAD FAITH)
AND III (FRAUD, DECEIT AND MISREPRESENTATION) OF PLAINTIFF'S
FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT**

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION.................................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................... 4

III.  STANDARD OF REVIEW ................................................................................. 5

IV.  ARGUMENT AND AUTHORITIES ................................................................... 7

    A.  Plaintiff Does Not Plead Any Facts To Establish That BCBSOK Acted Unreasonably Or Failed To Deal With Him Fairly Or In Good Faith.......... 7

        1.  Plaintiff's Conclusory Allegations Are Insufficient To Support A Bad Faith Claim. ............................................................................ 7

        2.  Plaintiff's Allegation That BCBSOK Failed To Consider Documents Establishing Medical Necessity Is Insufficient To Support His Bad Faith Claim........................................................... 11

    B.  Plaintiff's Fraud Claim Fails Because Plaintiff Does Not Plead Facts To Support That Claim And Because It Is Based On The Same Facts As His Breach Of Contract Claim................................................................ 14

        1.  Plaintiff Has Failed To Allege Any Facts To Support A Claim For Fraud.......................................................................................... 14

        2.  Plaintiff's Fraud Claim Is Impermissibly Based On The Same Facts As His Breach Of Contract Claim. ......................................... 15

    C.  Amendment Would Be Futile Because Plaintiff Has Now Twice Failed to Plead Allegations in Support of His Bad Faith and Fraud Claims. ........ 17

V.  CONCLUSION .................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. v. Health Care Serv. Corp.*,
   No. CIV-19-968-D, 2020 WL 4041120 (W.D. Okla. July 17, 2020) ...................... 8, 9

*Ake v. Cent. United Life Ins. Co.*,
   No. CIV-17-937-R, 2018 WL 5986756 (W.D. Okla. Nov. 14, 2018) ................. 11, 13

*Alvarado v. KOB-TV, L.L.C.*,
   493 F.3d 1210 (10th Cir. 2007) ................................................................................. 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................... 5

*Badillo v. Mid Century Ins. Co.*,
   121 P.3d 1080 (Okla. 2005)........................................................................................ 8

*Bailey v. Farmers Ins. Co.*,
   137 P.3d 1260 (Okla. Civ. App. 2006) ....................................................................... 7

*Ball v. Wilshire Ins. Co.*,
   221 P.3d 717 (Okla. 2009).......................................................................................... 12

*Barrett v. Tallon*,
   30 F.3d 1296 (10th Cir. 1994) ................................................................................... 14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................... 5

*Bryant v. Sagamore Ins. Co.*,
   No. CIV-13-240-RAW, 2014 WL 1600359 (E.D. Okla. Apr. 21, 2014)........ 11, 12, 13

*Bumpas v. HOC Indus.*,
   No. CIV-10-486-RAW, 2011 WL 3861651 (E.D. Okla. Sep. 1, 2011) ................. 6, 14

*Ceja v. Myers Int'l Midways, Inc.*,
   No. 16-CV-0001-CVE-FHM, 2016 WL 6459802 (N.D. Okla. Oct. 31,
   2016) ........................................................................................................................... 5

*Clothier v. Health Care Serv. Corp.*,
   No. CIV-21-884-R, 2021 WL 4992753 (W.D. Okla. Oct. 27, 2021)............ 8, 9, 10, 11

i

*Frey v. Companion Life Ins. Co.,*
    No. CIV-16-911, 2016 WL 6310788 (W.D. Okla. Oct. 27, 2016).............................. 15

*Gilbert Med. Bldg. LLC v. Travelers Cas. Ins. Co. of Am.,*
    No. CIV-20-896-R, 2020 WL 7221433 (W.D. Okla. Dec. 7, 2020)........................... 12

*Hale v. A.G. Ins. Co.,*
    138 P.3d 567 (Okla. Ct. Civ. App. 2006) ................................................................... 11

*Harris v. Progressive Direct Ins. Co.,*
    740 Fed. Appx. 900 (10th Cir. 2018) ........................................................................... 7

*Hicks v. FG Minerals LLC,*
    No. CIV-19-203-TDD, 2020 WL 4004804 (E.D. Okla. July 15, 2020) .................... 17

*Key v. Exxon Mobil Corp.,*
    508 F. Supp. 3d 1072 (E.D. Okla. 2020) .............................................................. 15, 16

*Koch v. Koch Industries, Inc.,*
    203 F.3d 1202 (10th Cir. 2000) ............................................................................. 7, 14

*Lawrence Nat'l Bank v Edmonds (In re Edmonds),*
    924 F.2d 176 (10th Cir. 1991) ............................................................................... 6, 14

*Lunday v. State Farm Fire & Cas. Co.,*
    No. CIV-20-1238-G, 2022 WL 2705263 (W.D. Okla. July 12, 2022) ...................... 14

*Manis v. Hartford Fire Ins. Co.,*
    681 P.2d 760 (Okla. 1984)......................................................................................... 12

*McKnight v. Marathon Oil Co.,*
    No. CIV-17-00264-R, 2017 WL 1628981 (W.D. Okla. May 1, 2017) ...................... 16

*Oklahoma Timberlake Constr. Co. v. United States Fid. & Guar. Co.,*
    71 F.3d 335 (10th Cir. 1995) ..................................................................................... 11

*Perington Wholesale, Inc. v. Burger King Corp.,*
    631 F.2d 1369 (10th Cir. 1979) ................................................................................... 6

*Peterson v. Xpo Logistics,*
    812 F. App'x 754 (10th Cir. 2020) ............................................................................ 16

*Platner v. State Farm Mut. Auto. Ins. Co.,*
    No. 09-CV-0353-CVE-FHM, 2010 WL 1994903 (N.D. Okla. May 18,
    2010) .......................................................................................................................... 14

*Progressive N. Ins. Co. v. Webb*,
No. 11-CV-460-JHP, 2013 WL 663576 (E.D. Okla. Feb. 22, 2013) ............... 8, 11, 13

*Robbins Motorsports, L.L.C. v. Nat'l Fire & Marine Ins. Co.*,
No. CIV-10-245-JHP, 2011 WL 2174911 (E.D. Okla. June 3, 2011) ......................... 7

*Robbins v. Okla. Dep't of Human Servs.*,
519 F.3d 1242 (10th Cir. 2008) .................................................................... 6

*Romel Abu-Fakher v. Bode*,
175 F. App'x 179 (10th Cir. 2006) ............................................................ 15

*Scheffler v. American Republic Insurance Co.*,
No. 11-CV-0760-CVE-TLW, 2012 WL 602187 (N.D. Okla. Feb. 23,
2012) ................................................................................................. 8, 9

*Schwartz v. Celestial Seasonings, Inc.*,
124 F.3d 1246 (10th Cir. 1997) ............................................................. 6, 14

*Silver v. Slusher*,
770 P.2d 878 (Okla. 1988) ......................................................................... 14

*Smith v. United States*,
561 F.3d 1090 (10th Cir. 2009) ................................................................. 4

*Toppins v. Minn. Life Ins. Co.*,
460 F. App'x 768 (10th Cir. 2012) ............................................................. 7

*Vickers v. Progressive N. Ins. Co.*,
353 F. Supp. 3d 1153 (N.D. Okla. 2018) .................................................... 12

**Statutes**

28 U.S.C. § 1332 ........................................................................................ 5

28 U.S.C. § 1441 ........................................................................................ 5

28 U.S.C. § 1446 ........................................................................................ 5

**Rules**

Fed. R. Civ. P. 9(b) ........................................................................ 3, 6, 14, 15

Fed. R. Civ. P. 12(b)(6) ...................................................................... 1, 5, 18

**DEFENDANT'S MOTION TO DISMISS COUNTS II (BAD FAITH)
AND III (FRAUD, DECEIT AND MISREPRESENTATION) OF PLAINTIFF'S
FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Defendant Blue Cross and Blue Shield of Oklahoma ("BCBSOK"), an unincorporated division of Defendant Health Care Service Corporation ("HCSC"), an Illinois Mutual Legal Reserve Company, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submits this Motion to Dismiss Counts II (bad faith) and III (fraud, deceit and misrepresentation) of Plaintiff's First Amended Complaint. In support of this Motion, BCBSOK states as follows:

## I.      INTRODUCTION

This is BCBSOK's second Motion to Dismiss before this Court. Plaintiff Scotty J. Fuller ("Plaintiff") originally filed this action in state court on September 19, 2019. BCBSOK was not served until March, 2022, after which BCBSOK removed the case to this Court on April 7, 2022 and filed a Motion to Dismiss on April 14, 2022. On August 8, 2022, this Court entered an Order providing Plaintiff with an opportunity to amend his complaint. Plaintiff did so, filing his First Amended Complaint ("FAC") on August 22, 2022, [Dkt. #18], (attached hereto as Exhibit 1). As is explained below, however, even after amending his complaint, Plaintiff has still failed to allege facts sufficient to support either his bad faith claim or his fraud claim.

Plaintiff alleges that in 2017 he was insured under a health insurance policy issued by BCBSOK (the "Policy") and that BCBSOK wrongfully denied a claim for medical benefits under that Policy. *See generally* FAC. Specifically, Plaintiff claims that BCBSOK denied a claim for air ambulance transport but, according to his doctors and other medical

1

literature, that claim was medically necessary and should have been approved. Based on this allegation, Plaintiff purports to assert causes of action for breach of contract (Count I), bad faith (Count II), and fraud, deceit and misrepresentation (Count III) (the "fraud claim"). However, beyond alleging that BCBSOK denied his claim for air transport, Plaintiff does not provide factual allegations to establish that BCBSOK acted either in bad faith or fraudulently.

In order to establish that BCBSOK acted in bad faith, Plaintiff must plead facts to establish that BCBSOK acted *unreasonably* under the circumstances and *failed to deal fairly and act in good faith* toward the insured, which are the hallmarks of a bad faith claim. Instead of pleading factual allegations to establish bad faith, Plaintiff offers a laundry list of conclusory allegations accusing BCBSOK of, *inter alia*, failing to pay the claim "at a time when [BCBSOK] knew or should have known that Plaintiff was entitled" to Policy benefits, failing to give "faithful consideration" to Plaintiff's benefits claim, "failing to properly investigate Plaintiff's claim" and "applying restrictions not contained" in the Policy. FAC ¶ 35. But other courts, including in both the Western and Northern Districts of Oklahoma, have held that similar lists of ways that an insurer *could* act in bad faith, without any facts to show how the insurer *did* engage in any of the allegedly bad faith conduct, are not sufficient to support a bad faith claim.

The only new factual allegation that Plaintiff has included in his First Amended Complaint – that he submitted records that purportedly show that his air ambulance transportation was medically necessary but that BCBSOK denied the claim anyway – is insufficient to plead a bad faith claim. Under Oklahoma law, an insurer does not subject

itself to a claim of bad faith merely by denying coverage. Instead, Plaintiff must allege specific facts to show that BCBSOK's denial of his claim was unreasonable or that BCBSOK has otherwise failed to act fairly or in good faith toward him, which Plaintiff has failed to do. In short, a dispute over coverage, without more, is not enough to maintain a bad faith claim under Oklahoma law.

Plaintiff also fails to plead any facts to support his fraud claim. As with his bad faith claim, Plaintiff relies on generic allegations, failing to offer any factual support for his claim, much less specific facts that would meet the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b). At most, Plaintiff asserts that the Policy provides that BCBSOK would cover air ambulance services in certain circumstances and then makes the conclusory statements that BCBSOK "never intended" to pay Plaintiff's claim and "concealed" Policy limitations from him. However, Plaintiff offers no facts to support the accusation that BCBSOK "never intended" to pay his claim, nor does he offer any facts to establish what Policy limitations were allegedly "concealed" from him. Because Plaintiff has not pled any facts to show that BCBSOK made a misrepresentation or engaged in any other allegedly fraudulent conduct, Plaintiff's fraud claim fails as a matter of law.

Plaintiff's fraud claim also fails for the independent reason that it is based on the exact same facts as his contract claim: he alleges that he submitted a claim which BCBSOK did not pay. The law is clear that where the facts underlying an alleged fraud claim are the same as the facts which underlie a contract claim, the fraud claim is insufficient as a matter of law. For these reasons, Plaintiff's fraud claim must be dismissed.

3

## II.     FACTUAL BACKGROUND

Plaintiff alleges that on September 21, 2017, he went to Pushmataha Hospital in Antlers, Oklahoma, where he was diagnosed as having had a stroke.  FAC ¶¶ 6–9.[1]  After receiving this diagnosis, Plaintiff was transferred via air ambulance transportation to OU Medical Center in Oklahoma City, Oklahoma.  FAC ¶ 14.  Plaintiff was successfully treated at OU Medical Center and was released several days later.  FAC ¶ 15.

With respect to BCBSOK, Plaintiff alleges that a claim for coverage for the air ambulance transportation was submitted to BCBSOK but that BCBSOK failed to pay the claim.  FAC ¶¶ 29–30.  Plaintiff alleges that he and/or his medical providers provided BCBSOK with documents, including a medical necessity form filled out by his referring provider, that purportedly show why his benefit claim for air ambulance transportation was medically necessary.  FAC ¶ 23.  However, Plaintiff's Policy booklet (attached hereto as Exhibit 2)[2] explicitly states in bold lettering that "[t]he fact that a Physician or other Provider prescribes, orders, recommends or approves a service or supply does not, of itself, make it Medically Necessary."  Ex. 2, at 76.  Based on its own review of Plaintiff's claim, BCBSOK determined that the air ambulance transportation did not qualify as medically

---

[1] BCBSOK accepts the allegations in Plaintiff's Petition as true only for the purposes of this Motion to Dismiss.

[2] The Court may properly consider the Policy as an exhibit to this Motion because it is incorporated by reference in the FAC and is central to the Plaintiff's claims. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Fed. R. Civ. 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference."); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." (citations omitted)).

necessary under the applicable medical policy criteria.[3] FAC ¶ 22. Plaintiff offers no other facts regarding BCBSOK's conduct other than it determined that the claim was not a covered benefit under the Policy.

## III.    STANDARD OF REVIEW

"In a removed case, federal pleading requirements are applied to determine if a claim has been adequately alleged, even if state law claims would have been adequately alleged under pleading requirements applicable in state courts."[4] *Ceja v. Myers Int'l Midways, Inc.*, No. 16-CV-0001-CVE-FHM, 2016 WL 6459802, at *4(N.D. Okla. Oct. 31, 2016). A court should grant a motion to dismiss when a complaint contains only a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Mere conclusory allegations, however, are not entitled to the assumption of truth. *Id.* To the contrary, "[t]he allegations must be enough that, if assumed to be true, the plaintiff

---

[3] Plaintiff does not identify the applicable medical criteria, nor does he plead his theory as to why he thinks they were satisfied.

[4] Plaintiff filed suit in the District Court of Pushmataha County and BCBSOK timely removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as the parties are diverse and Plaintiff is seeking more than $75,000 in damages.

plausibly (not just speculatively) has a claim for relief." *Robbins v. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Plausibility "refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (quotations and citation omitted).

This requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. That is because the "essential function of a complaint under modern pleading is twofold to give opposing parties fair notice of the basis of the claim against them so they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979).

In addition, in a case such as this where the plaintiff attempts to assert a fraud claim, that claim is subject to the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). A fraud claim must be pled with particularity, which requires that "a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (internal quotation marks and citation omitted) (quoting *Lawrence Nat'l Bank v Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991). *See also Bumpas v. HOC Indus.*, No. CIV-10-486-

RAW, 2011 WL 3861651, at *2 (E.D. Okla. Sep. 1, 2011) (citing *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

## IV.   ARGUMENT AND AUTHORITIES

**A.   Plaintiff Does Not Plead Any Facts To Establish That BCBSOK Acted Unreasonably Or Failed To Deal With Him Fairly Or In Good Faith.**

### 1.   Plaintiff's Conclusory Allegations Are Insufficient To Support A Bad Faith Claim.

To establish a bad faith claim under Oklahoma law, a plaintiff must prove more than a mere breach of contract: he must also prove that the defendant acted unreasonably and in bad faith in handling his claim. *Robbins Motorsports, L.L.C. v. Nat'l Fire & Marine Ins. Co.*, No. CIV-10-245-JHP, 2011 WL 2174911, at *3 (E.D. Okla. June 3, 2011). To make out a *prima facie* case against an insurance company for bad faith, a plaintiff must establish: (1) the insured was entitled to coverage under the insurance policy; (2) the insurer had no reasonable basis for delaying or withholding payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury. *Toppins v. Minn. Life Ins. Co.*, 460 F. App'x 768, 771 (10th Cir. 2012) (applying Oklahoma law). Although the insured is required to prove all four elements, "the reasonableness of the insurer's investigation is often the main issue in a bad faith case." *Harris v. Progressive Direct Ins. Co.*, 740 Fed. Appx. 900, 908 (10th Cir. 2018). The relevant inquiry in most bad faith cases is "whether the insurer had a good faith belief, at the time its performance was requested, that it had a *justifiable* reason for withholding payment under the policy." *Bailey v. Farmers Ins. Co.*, 137 P.3d 1260, 1264 (Okla. Civ. App. 2006) (citations omitted).

7

Whether an insurer's actions rise to the level of "unreasonable, bad faith conduct" is the "essence" of a bad faith claim. *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005). Vague, conclusory allegations about an insurer's alleged wrongful conduct without supporting facts are insufficient to establish a bad faith claim. *Progressive N. Ins. Co. v. Webb*, No. 11-CV-460-JHP, 2013 WL 663576, at *2 (E.D. Okla. Feb. 22, 2013).

Courts have consistently held that pleading ways in which an insurer *could* act in bad faith, without supporting facts, is insufficient to support a bad faith claim. For example, in *Clothier v. Health Care Serv. Corp.*, No. CIV-21-884-R, 2021 WL 4992753, at *2 (W.D. Okla. Oct. 27, 2021), the plaintiff asserted a laundry list of ways that BCBSOK could have acted in bad faith such as, *inter alia.*, failing to pay policy benefits knowing they were due, failing to properly investigate Plaintiff's claims, failing to obtain or consider additional information, knowingly misconstruing policy provisions, etc. After reviewing this list, the court held that the complaint failed to cite "to any specific facts that support a finding of bad faith . . . [r]ather, the paragraphs contain mere formulaic recitals of various manners in which an insurer may commit bad faith, without any specific factual allegations arising from this particular relationship." *Id.* As such, the court dismissed the bad faith claim for lack of factual support. *Id.* *See also A.B. v. Health Care Serv. Corp.*, No. CIV-19-968-D, 2020 WL 4041120, at *4 (W.D. Okla. July 17, 2020) (dismissing nearly identical allegations of bad faith on the basis that they were conclusory and insufficient to support a bad faith claim).

Similarly, in *Scheffler v. American Republic Insurance Co.*, No. 11-CV-0760-CVE-TLW, 2012 WL 602187, at *3 (N.D. Okla. Feb. 23, 2012), the court found that the

8

"[p]laintiff's complaint contain[ed] only general assertions of bad faith, without any details of events leading up to the filing of the complaint."   There, the plaintiff alleged that the defendant failed to promptly investigate the plaintiff's claim, intentionally misread or misconstrued the insurance policy, and imposed burdensome documentation demands not required by the policy.   *Id.*   The court held that "[e]ach of these allegations is conclusory and is not entitled to the assumption of truth" because the "[p]laintiff [did] not set forth a single factual allegation in support of these conclusory statements."   *Id.*

Here, just as he did in his original Complaint, and similar to the plaintiffs in *Clothier*, *A.B.*, and *Scheffler*, Plaintiff asserts a list of conclusory allegations of how BCBSOK *could* have acted in bad faith without alleging any facts to show that BCBSOK actually *did* act in bad faith.   For example, Plaintiff provides highly generalized, non-specific allegations accusing BCBSOK of:

- failing to pay medical expenses and other policy benefits when BCBSOK should have known that Plaintiff was entitled to those benefits;

- failing to properly investigate Plaintiff's claim;

- failing to properly obtain and consider information provided by Plaintiff and his medical providers;[5]

- failing to obtain additional information both in connection with the original denial and following the receipt of additional information;

---

[5] Although Plaintiff does provide facts regarding who his medical providers were and facts regarding some of the medical records provided to BCBSOK, he does not indicate what evidence he has that BCBSOK did not consider the submitted records.   Plaintiff simply alleges, with no factual support, that the records were not considered. FAC ¶ 26.

- disregarding unbiased medical information and instead relying solely on opinions of individuals who were being paid by BCBSOK to give those opinions;

- failing to give Plaintiff's interests faithful consideration;

- withholding payment of the benefits when claims for those benefits were valid;

- refusing to honor Plaintiff's claims for reasons contrary to the express provisions of the Policy;

- failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims.

*See* FAC ¶ 35 (a) – (i).[6]

Plaintiff, however, does not allege any facts to support these statements. For example, Plaintiff does not explain why he contends that BCBSOK knew or should have known that Policy benefits were due but refused to pay them, how BCBSOK failed to properly investigate his claim, what information BCBSOK failed to obtain in connection with the denial and appeal of the claim, what restrictions BCBSOK allegedly applied that were not contained in the Policy, etc. Plaintiff's boilerplate list of conclusory allegations of ways BCBSOK could have acted in bad faith, without any supporting facts, is

---

[6] Interestingly, this list contains many similar conclusory allegations asserted by the plaintiff in *Clothier*, even using much of the exact same verbiage and language. Indeed, both plaintiffs accuse BCBSOK of "failing and refusing payment . . . and other policy benefits," "failing to properly investigate Plaintiff's claims," failing "to obtain additional information both in connection with the original denial and following the receipt of additional information," and "failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims." *Compare* FAC, Exhibit 1, at ¶ 35 (a) – (i), with complaint in *Clothier* (attached hereto as Exhibit 3) at ¶ 71 (a) – (q).

insufficient to state a claim for bad faith. *Clothier*, 2021 WL 4992753, at *2 (finding nearly identical list insufficient to support bad faith claim).

Because they are not supported by any facts, Plaintiff's conclusory allegations are insufficient to support his bad faith claim. *Progressive N. Ins.*, 2013 WL 663576, at *2 (when "allegations [for a bad faith claim] are conclusory in nature and are unsupported by factual allegations," a motion to dismiss must be granted).

### 2. Plaintiff's Allegation That BCBSOK Failed To Consider Documents Establishing Medical Necessity Is Insufficient To Support His Bad Faith Claim.

In his First Amended Complaint, Plaintiff has added allegations that BCBSOK acted in bad faith by finding that the air ambulance was not medically necessary, when Plaintiff's medical providers' opinions and other documentation supported a finding that the air ambulance was medically necessary. FAC ¶ 24. However, this difference of opinion between BCBSOK and Plaintiff's medical providers is not enough to support a bad faith claim. Indeed, "[t]he Oklahoma Supreme Court and [Tenth Circuit] have made [it] clear that an insurer does not subject itself to a claim of bad faith merely by disputing coverage." *Oklahoma Timberlake Constr. Co. v. United States Fid. & Guar. Co.*, 71 F.3d 335, 343 (10th Cir. 1995); *see also Bryant v. Sagamore Ins. Co.*, No. CIV-13-240-RAW, 2014 WL 1600359, at *3 (E.D. Okla. Apr. 21, 2014); *Ake v. Cent. United Life Ins. Co.*, No. CIV-17-937-R, 2018 WL 5986756, at *6 (W.D. Okla. Nov. 14, 2018). Instead, "[t]he reasonableness of any investigation conducted by the insurer is . . . oftentimes one of the main issues in [a] bad faith tort case." *Hale v. A.G. Ins. Co.*, 138 P.3d 567, 573 (Okla. Ct. Civ. App. 2006). Thus, a plaintiff must plead specific facts showing that the insurer's

11

investigation was unreasonable. *See Manis v. Hartford Fire Ins. Co.*, 681 P.2d 760, 761 (Okla. 1984) (holding that "the party prosecuting a claim of bad faith must plead all of the elements of the tort"); *Gilbert Med. Bldg. LLC v. Travelers Cas. Ins. Co. of Am.*, No. CIV-20-896-R, 2020 WL 7221433, at \*3-4 (W.D. Okla. Dec. 7, 2020) (rejecting the plaintiff's allegation that the insurer defendant failed "to conduct a fair and objective investigation" because the plaintiff did not have "any specific factual allegations" to support his claim); *Vickers v. Progressive N. Ins. Co.*, 353 F. Supp. 3d 1153, 1165 (N.D. Okla. 2018) (rejecting plaintiff's bad faith claim in part because the plaintiff did not plead "any specific facts indicating that [the] [d]efendant's investigation was not reasonable").

Here, Plaintiff does not plead any specific facts that indicate that BCBSOK's investigation, decision-making process, or conclusions were unreasonable or biased, let alone in bad faith. Instead, Plaintiff alleges that he submitted records to BCBSOK, including "Plaintiff's medical records, the Statement of Medical Necessity and Reasonableness for Air Medical Transport which had been completed by the referring medical provider in Antlers, medical literature and references to applicable medical standards from the American Heart Association," that purportedly show that his air ambulance transportation was medically necessary. FAC ¶ 23. Plaintiff then claims that BCBSOK acted in bad faith by failing to agree with his medical providers. *See* FAC ¶¶ 34–35. But a failure to agree with medical providers does not constitute bad faith. *See Bryant*, 2014 WL 1600359 at \*3 ("'If there is a legitimate dispute concerning coverage . . . withholding or delaying payment is not unreasonable or in bad faith.'") (quoting *Ball v. Wilshire Ins. Co.*, 221 P.3d 717, 725 (Okla. 2009)). Indeed, Plaintiff's Policy explicitly

12

states that "[t]he fact that a Physician or other Provider prescribes, orders, recommends or approves a service or supply does not, of itself, make it Medically Necessary." Ex. 2, at 76. At most, Plaintiff identifies a legitimate coverage dispute: Plaintiff provided documentation which he believes establishes that the air ambulance service was medically necessary but BCBSOK disagreed and determined that the air ambulance service was not medically necessary. FAC ¶¶ 21–23. This disagreement in coverage, without more, cannot form the basis of a bad faith claim. *Bryant*, 2014 WL 1600359 at *3; *Ake*, 2018 WL 5986756 at *6-7.

Plaintiff does attempt to shore these allegations up by adding additional color, such as that BCBSOK made its decision based on unknown "internal policies," "did not adequately consider" his submitted records, and relied upon biased reviewers. FAC ¶¶ 25–26. But once again, these allegations are conclusory and lack supporting facts. For example, Plaintiff does not identify the alleged unknown internal policies he is referencing, does not state who reviewed the records or how the reviewer failed to adequately consider the records, what the reviewer should have done to adequately consider the records, or why the review was biased. Plaintiff's unsupported conclusory allegation that he submitted medical records that were not adequately considered is insufficient to support his bad faith claim. *Progressive N. Ins.*, 2013 WL 663576 at *2 (when "allegations [for a bad faith claim] are conclusory in nature and are unsupported by factual allegations," a motion to dismiss must be granted). Put simply, Plaintiff's entire bad faith claim is based on a single factual allegation: Plaintiff alleges that he and his medical providers believed the air ambulance service was medically necessary, but BCBSOK disagreed. This legitimate

13

disagreement cannot form the basis of a bad faith claim. *Lunday v. State Farm Fire & Cas. Co.*, No. CIV-20-1238-G, 2022 WL 2705263, at *7-8 (W.D. Okla. July 12, 2022) (granting insurer's summary judgment motion where insurer had legitimate coverage dispute and no facts were shown that the insurer did not rely on the dispute for the claim denial); *Platner v. State Farm Mut. Auto. Ins. Co.*, No. 09-CV-0353-CVE-FHM, 2010 WL 1994903, at *11 (N.D. Okla. May 18, 2010) (same).

**B.     Plaintiff's Fraud Claim Fails Because Plaintiff Does Not Plead Facts To Support That Claim And Because It Is Based On The Same Facts As His Breach Of Contract Claim.**

**1.   Plaintiff Has Failed To Allege Any Facts To Support A Claim For Fraud.**

To establish a claim for fraud, a plaintiff must properly allege: (1) a material misrepresentation, (2) that was knowingly or recklessly made, (3) with intent that it be relied upon, and (4) actual reliance upon the statement by another to his or her detriment. *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994) (*citing Silver v. Slusher*, 770 P.2d 878, 881 n.8 (Okla. 1988)). In addition, Federal Rule of Civil Procedure 9(b) requires fraud to be pleaded with particularity. "[A] complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (internal quotation marks and citation omitted) (quoting *Lawrence Nat'l Bank v Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991). *See also Bumpas*, 2011 WL 3861651 at *2 (citing *Koch*, 203 F.3d at 1236).

Here, Plaintiff has failed to provide any facts showing that BCBSOK intentionally or recklessly made a false material representation, or that BCBSOK even made a

14

misrepresentation at all. *See generally* FAC ¶¶ 39–48.[7]  At most, Plaintiff alleges that a Policy provision (which Plaintiff does not attach to the complaint or quote directly) provides that BCBSOK will pay for air ambulance services under certain circumstances. He then attempts to transform that Policy provision into a "misrepresentation" by alleging, without any factual support, that BCBSOK "never intended" to pay for air ambulance services and "concealed" certain Policy limitations from him.  FAC ¶ 43.  But Plaintiff alleges no facts to support these highly conclusory allegations, much less does he plead facts of the alleged fraud with particularity as is required by Fed. R. Civ. P. 9(b).

Accordingly, Plaintiff's fraud claim must be dismissed for failure to plead facts to establish the elements of a fraud claim.  *Romel Abu-Fakher v. Bode*, 175 F. App'x 179, 181 (10th Cir. 2006) ("We need not, however, accept as true conclusory allegations unsupported by factual allegations."); *Frey v. Companion Life Ins. Co.*, No. CIV-16-911, 2016 WL 6310788, at *1–2 (W.D. Okla. Oct. 27, 2016) (dismissing fraud claim where the plaintiff asserted only conclusory allegations that mirrored the elements of fraud).

### 2. Plaintiff's Fraud Claim Is Impermissibly Based On The Same Facts As His Breach Of Contract Claim.

A claim for fraud also must be based on facts which are distinct from those supporting a claim for breach of contract.  *Key v. Exxon Mobil Corp.*, 508 F. Supp. 3d

---

[7] Plaintiff does allege that Plaintiff's Policy "did not contain adequate language concerning a referral rule or provision as to protocol" in assessing medical necessary.  FAC ¶ 27.  It is unclear if Plaintiff is using this allegation to support this fraud claim, but regardless this conclusory allegation is false.  Plaintiff's Policy booklet states that copies of the policies BCBSOK uses to determine medical necessity "may be obtained from the Plan upon request and may be found on the Plan's Web site at www.bcbsok.com." Ex. 2, at 76.  Thus, the policies were readily available to Plaintiff.

1072, 1086 (E.D. Okla. 2020); *McKnight v. Marathon Oil Co.*, No. CIV-17-00264-R, 2017 WL 1628981, at *2 (W.D. Okla. May 1, 2017). In *Key*, the Plaintiff asserted claims for both fraud and breach of contract, but the "breach of contract and fraud claims [were] based on the same facts." *Key*, 508 F. Supp. 3d at 1086. The court dismissed the fraud claim, holding that "[b]ecause [plaintiff's] allegation for fraud concerns the identical conduct [as the breach of contract claim], it will not suffice under Oklahoma law." *Id.* at 1087. The court further held that "a plaintiff must incur actual damages stemming from the tort that are distinct from damages stemming from the breach of contract." *Id.*

Here, as in *Key*, Plaintiff's fraud claim fails because his fraud claim is based on the exact same conduct as his breach of contract claim. As noted above, the only *factual* allegations against BCBSOK are that Plaintiff submitted a claim for air ambulance transport to BCBSOK, Plaintiff submitted records in support of his claim, and that BCBSOK denied that claim. FAC ¶¶ 28–30. These are the very allegations that support Plaintiff's breach of contract claim. *Id.* Plaintiff does not provide any independent factual allegations in support of his fraud claim that are distinct from those underlying the breach of contract claim. At most, Plaintiff provides a conclusory allegation that BCBSOK "never intended" to pay Plaintiff's claim. FAC ¶¶ 40, 43. But without any factual support for this statement, the court need not accept this allegation as true. *Peterson v. Xpo Logistics*, 812 F. App'x 754, 756 (10th Cir. 2020) ("In reviewing a motion to dismiss, we must accept all well-pleaded facts, as opposed to conclusory allegations."). Because Plaintiff's fraud claim is not distinct from his breach of contract claim, it must be dismissed. *Key*, 508 F. Supp. 3d at 1086.

**C.    Amendment Would Be Futile Because Plaintiff Has Now Twice Failed to Plead Allegations in Support of His Bad Faith and Fraud Claims.**

Plaintiff has now failed twice to plead any non-conclusory allegations in support of his bad faith and fraud claims.  The Eastern District of Oklahoma has held that where a plaintiff's first amended complaint contains the same deficiencies raised in the plaintiff's original complaint, the court can presume that further amendment would be futile.  *Hicks v. FG Minerals LLC*, No. CIV-19-203-TDD, 2020 WL 4004804, at *7 (E.D. Okla. July 15, 2020) ("Plaintiff has thus failed in a second attempt to plead a plausible claim" with "[s]ome of these same pleading deficiencies" being present in the plaintiff's original complaint. "Under these circumstances, where one must assume [p]laintiff gave the current pleading his best effort, the [c]ourt finds that any further opportunity to amend would be futile.").

In his original Complaint, Plaintiff relied on a laundry list of conclusory allegations for which no factual support was provided.  Thus, BCBSOK provided substantial case law showing the Court and Plaintiff that such tactics are subject to a motion to dismiss.  After having been given the opportunity to amend his Complaint, here Plaintiff again offers the same laundry list of conclusory allegations with no factual support for any of the allegations contained within.  Moreover, the majority of Plaintiff's other revisions have no bearing on Plaintiff's fraud and bad faith claims.  Essentially, Plaintiff has submitted allegations for bad faith and fraud that are identical to the ones in Plaintiff's original Complaint, which, as BCBSOK noted the first time, are insufficient to survive a motion to dismiss.  At most, Plaintiff now alleges that his medical professionals and BCBSOK

disagree about whether the claim should have been approved or denied, but this legitimate dispute over coverage cannot form the basis of any of Plaintiff's claims. If Plaintiff had specific factual support for his allegations he should have included them by now. Thus, any further amendment to Plaintiff's claims would be futile.

## V.   CONCLUSION

For the reasons stated herein, Defendant BCBSOK respectfully requests that this Court dismiss Counts II and III of Plaintiff's First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated: September 14, 2022

Respectfully submitted,

/s/ *Paige A. Masters*
Paige A. Masters, OBA # 31142
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
paige.masters@crowedunlevy.com

Martin J. Bishop
Robert C. Deegan
**REED SMITH LLP**
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
mbishop@ReedSmith.com
rdeegan@ReedSmith.com

–AND–

Dianna C. Wyrick
**REED SMITH LLP**

18

225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
dwyrick@reedsmith.com

**ATTORNEYS FOR DEFENDANT
HEALTH CARE SERVICE
CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2022, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrant:

**Tim Maxcey**          tmaxcey@stipelaw.com


*/s/ Paige A. Masters*
Paige A. Masters