IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTTY J. FULLER,<br><br>      Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF OKLAHOMA, a division of HEALTHCARE SERVICE CORPORATION and HEALTH CARE SERVICE CORPORATION, Operating in Oklahoma as Blue Cross and Blue Shield of Oklahoma,<br><br>      Defendant. | Case No. 6:22-cv-00106-JWB |

**DEFENDANT BLUE CROSS AND BLUE SHIELD OF OKLAHOMA'S RESPONSE TO THE COURT'S 11/08/23 ORDER TO SHOW CAUSE**

Defendant Blue Cross and Blue Shield of Oklahoma ("BCBSOK"), an unincorporated division of Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, respectfully submits this Response to the Court's November 8, 2023, Order to Show Cause as to why this case should not be remanded to state court for lack of jurisdiction. *See* Dkt No. 38, p. 8.

## I.    RELEVANT PROCEDURAL HISTORY

1. On September 19, 2019, Plaintiff Scotty J. Fuller ("Plaintiff"), filed a civil action against BCBSOK in the District Court of Pushmataha County, Oklahoma, captioned *Scotty J. Fuller v. Blue Cross and Blue Shield of Oklahoma*, *et al.*, Cause No. CJ-19-37 (the "State Action"). *See generally* Dkt. 2-2.

2. In the Petition, Plaintiff purported to allege causes of action against BCBSOK for breach of contract (Count I), bad faith and fraud (Count II), and false representation, concealment and deceit (Count III). *See* Dkt. No. 2-2, ¶¶ 19–37.

3. On April 7, 2022, BCBSOK removed the State Action to this Court by establishing that diversity jurisdiction existed because, in part, the face of Plaintiff's Petition established that Plaintiff was seeking relief in excess of $75,000. *See* Dkt. 2, ¶¶ 4-7.

4. On August 26, 2022, Plaintiff filed a First Amended Complaint ("FAC") in which he expressly stated once again that he sought relief "in an amount in excess of $75,000.00." Dkt. 18, p. 7.

5. On September 9, 2022, Plaintiff filed his initial disclosures with the Court. *See generally* Dkt. 22. In his initial disclosures, Plaintiff states that in connection to his breach of contract claim (Count I), he seeks $60,667.29 in actual damages and at least $30,000 in attorney fees (calculated for representation up until the filing of the initial disclosures). *Id.* at p. 6.

6. On September 14, 2022, BCBSOK filed its Motion to Dismiss Count II (Bad Faith) and Count III (Fraud, Deceit, and Misrepresentation) of Plaintiff's First Amended Complaint ("Motion"). *See* Dkt. 25. Plaintiff filed his Response to the Motion on September 28, 2022. Dkt. 26. BCBSOK filed its Reply on October 12, 2022. Dkt. 29.

7. On November 8, 2023, the Court granted Defendant's Motion and dismissed Counts II and III of Plaintiff's FAC. *See generally* Dkt. 38. The Court noted that Plaintiff could amend his FAC to reallege Counts II and III only if after discovery Plaintiff discovered facts that could support Counts II and III. *Id.* at p. 8. Thus, only Plaintiff's breach of contract claim (Count I) remains at issue in this case.

8. As a result of the dismissal of Counts II and III, the Court noted "that the remaining claim may no longer satisfy the jurisdictional amount to support federal subject matter jurisdiction in this diversity action." *Id.* Thus, the Court directed the Parties to show cause as to "why this case should not be remanded to state court for lack of jurisdiction." *Id.*

## II.     DIVERSITY JURISDICTION STILL EXISTS IN THIS CASE

9.     This Court possesses original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Under 28 U.S.C. § 1332, federal courts have original federal jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

### A.     Amount in Controversy

10.     The Tenth Circuit Court of Appeals has held that "beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy," including "other evidence submitted in federal court" after removal. *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (internal citation omitted) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (Easterbrook, J.); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  Further, the Tenth Circuit has held that "documents that demonstrate plaintiff's own estimation of [his] claim are a proper means of supporting" that a court has federal subject matter jurisdiction over a case.  *See id.*

11.     Despite the dismissal of Counts II and III of the FAC, the amount in controversy in this case is still sufficient to satisfy the jurisdictional amount under diversity jurisdiction because Plaintiff's initial disclosures filed with this Court demonstrate that Plaintiff is seeking $90,667.29 in connection with Count I.  Dkt. 22, p. 6 (stating that Plaintiff's damage computation for his breach of contract claim is $60,667.29 for actual damages and $30,000.00 in attorney fees).  This amount is well beyond the amount in controversy requirement of a sum over $75,000.  28 U.S.C. § 1332(a).  Thus, because Plaintiff's initial disclosures – a document Plaintiff filed in federal court after removal – shows that Plaintiff seeks over $75,000 in damages for his breach of contract claim, there is sufficient evidence to establish that the jurisdictional amount in this case is still satisfied.

*See McPhail*, 529 F.3d at 956 (noting that a plaintiff's estimation of damages are relevant evidence of the amount in controversy).

### B.  Plaintiff is an Oklahoma Citizen and BCBSOK is an Illinois Citizen

12.  Complete diversity exists in this case.

13.  Defendant is a citizen of the State of Illinois because Health Care Service Corporation ("HCSC") is a corporation duly organized and existing under the laws of the State of Illinois, and BCBSOK is an unincorporated division of HCSC.  As such, BCBSOK is a citizen of the state in which HCSC is incorporated and maintains its principal place of business. *See e.g., Shattuck Pharmacy Mgmt. P.C. v. Prime Therapeutics, LLC*, No. CIV-21-0221-F, 2021 U.S. Dist. LEXIS 120949, at *4 (W.D. Okla. June 29, 2021) (holding that "BCBSOK is deemed a citizen of Illinois" because "[a]s an unincorporated division of HCSC, the citizenship of BCBSOK is the same as the citizenship of HCSC").

14.  Plaintiff "is a resident and citizen of the State of Oklahoma." Dkt. 18, ¶ 1.  Thus, BCBSOK, a citizen of Illinois, is completely diverse from Plaintiff.

15.  Accordingly, because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and BCBSOK, the Court has jurisdiction of this case under 28 U.S.C. § 1332.

### III.  CONCLUSION

For the foregoing reasons, BCBSOK has successfully proved to the Court that despite the dismissal of Counts II and III of the FAC, the jurisdictional amount to support federal subject matter jurisdiction in this matter is still satisfied because Plaintiff's initial disclosures show that Plaintiff seeks at least $90,000 in damages in connection to his breach of contract claim.

DATED this 15th day of November, 2023.　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Dianna C. Wyrick*
　　　　　　　　　　　　　　　　　　　　Paige A. Masters, OBA # 31142
　　　　　　　　　　　　　　　　　　　　CROWE & DUNLEVY, PC
　　　　　　　　　　　　　　　　　　　　Braniff Building
　　　　　　　　　　　　　　　　　　　　324 N. Robinson Ave., Suite 100
　　　　　　　　　　　　　　　　　　　　Oklahoma City, Oklahoma 73102
　　　　　　　　　　　　　　　　　　　　Telephone:  (405) 235-7700
　　　　　　　　　　　　　　　　　　　　Facsimile:  (405) 239-6651
　　　　　　　　　　　　　　　　　　　　paige.masters@crowedunlevy.com

　　　　　　　　　　　　　　　　　　　　Martin J. Bishop
　　　　　　　　　　　　　　　　　　　　Robert C. Deegan
　　　　　　　　　　　　　　　　　　　　**REED SMITH LLP**
　　　　　　　　　　　　　　　　　　　　10 S. Wacker Drive, 40th Floor
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　Telephone:  (312) 207-1000
　　　　　　　　　　　　　　　　　　　　Facsimile:  (312) 207-6400
　　　　　　　　　　　　　　　　　　　　mbishop@reedsmith.com

　　　　　　　　　　　　　　　　　　　　Dianna C. Wyrick
　　　　　　　　　　　　　　　　　　　　**REED SMITH LLP**
　　　　　　　　　　　　　　　　　　　　225 Fifth Avenue
　　　　　　　　　　　　　　　　　　　　Pittsburgh, PA  15222
　　　　　　　　　　　　　　　　　　　　Telephone: (412) 288-3131
　　　　　　　　　　　　　　　　　　　　Facsimile: (412) 288-3063
　　　　　　　　　　　　　　　　　　　　dwyrick@reedsmith.com

　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT BLUE CROSS AND BLUE SHIELD OF OKLAHOMA**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2023, a true and correct copy of the foregoing was served on Plaintiff's counsel of record in accordance with the Federal Rules of Civil Procedure:

Tim Maxcey, OBA # 13567
STIPE LAW FIRM
343 E. Carl Albert Pkwy
P.O. Box 1369
McAlester, OK 74502
Telephone:   (918) 423-0421
Facsimile:   (918) 423-0266

***ATTORNEY FOR PLAINTIFF***

　　　　　　　　　　　　　　　　　　　*/s/ Dianna C. Wyrick*
　　　　　　　　　　　　　　　　　　　Dianna C. Wyrick